FrosíT, J.
delivered the opinion of the Court.
It ¿ppears from the report, that the second and fourth grounds of appeal are taken under a misapprehension of the *371 Judge’s instructions to the jury. It is clear the plaintiff is concluded by his sale of Jim to the defendant. The contro-1 versy respects Joe, and the exceptions relate to the statement of the law, respecting the plaintiff’s rights to recover him. — • The fourth ground, in effect, affirms that, even if the plaintiff, by his representations, acts or conduct, did mislead the defendant respecting the title to the slave, and did encourage the defendant to purchase, by inducing the belief that he would acquire an absolute property, yet the plaintiff cannot be estopped from recovering, unless there be proof of positive fraud. The fifth ground seems to take issue on the whole instruction of the Circuit Judge, where it affirms that the defendant should “ prove some positive act of the plaintiff, which amounted to a relinquishment of his contingent interest in the negro, at the sale.”
The principle on which the plaintiff is held bound by his acts, conduct or representations, in reference'to the subject of the safe, is not derived from the equity doctrine which has been relied on in the argument, though it does receive support and illustration from that quarter. It is of common law origin, and results from the rule that parties to a suit are bound by admissions, against their interest, respecting the subject of the action. Such admissions, frima facie, conclusive against the party who makes them, may be explained or qualified; but if evidence for this purpose is introduced, the whole is submitted to the jury, and the liability of the parly decided, by their verdict, as a question of evidence.
Such admissions may be proved by the acts and conduct of the parties, as well as by their express declarations. If the plaintiff had, in this case, declared to the defendant, that Joe was the absolute property of Harmon Cox; or that he would not assert his contingent title, thereby admitting the validity of the defendant’s title, in case he purchased, it would be conceded the plaintiff could not recover. But a party may, as effectually, make an admission by his acts and conduct, as by his expressions ; and as he may be charged with his express declarations by any who heard them, so he may be charged with admissions, inferred from acts and conduct, by any who witnessed or observed them. A tenant by his entry, is estopped to deny the title of his landlord; one Avho takes possession of the effects of a deceased person, shall not be allowed to deny he is executor. A person shall be charged as partner who permits his name to be used in the firm; and a man shall be liable for the contracts of a woman whom he holds out to the community as his wife.
Many cases, at common law, can be cited to shew that a party who has, expressly or by his conduct, waived his claim or title to property, shall be estopped from asserting it against a party who has acted on the faith of such admission. A *372 constable came to levy on one Benedict’s property, and Stephens pointed out lumber, one-fifth of which, he said, belonged to Benedict; whereupon the constable levied and sold, and Baird purchased. It was held Baird might recover the one-fifth, in trover against Stephens, though, in fact, the whole lumber belonged to Stephens. When the assignee of chose in action purchases it, after a promise made in his ' hearing, before the assignment, by the debtor to the assignor, that he would pay it, the debtor shall be estopped to set up any defence against the assignee. A surveyor running land, an^ ^ounc^n§ it on one °f the lines of a tract of his own, admits that the land was vacant up to his line, at the time of the survey ; and having made a survey of the adjoining land for the plaintiff, he shall not afterwards be permitted to extend his lines so as to include a part of the tract, surveyed i'or the plaintiff, though the plaintiff had not obtained a grant. In Heaine v. Rogers; Bailey, J. delivering the opinion of the Court, says, “ there is no doubt the express admissions of a party to the suit, or admissions implied from his conduct, are evidence, and strong evidence, against him“ but he is not estopped or concluded by them, unless another person has been induced by them, to alter his condition ; and in such case the party is estopped from disputing their truth with respect to that person, (and those claiming under him,) and that transaction.” In Pickard v. Spear, the law was declared in nearly the same terms by Denman, C. J.
BeOtc! 274.
Weaver v. s^&^Raw eig’304. aw'
Tennant v. TeiT239 Bay’ 9 Barn. & Cress. 577.
1 469 E
The cases which have been adduced, and many analagous cases which might be cited, did not proceed on the ground of fraud, except perhaps the case from Bay; and in none was evidence of positive fraud, required to charge a party with his admissions. By positive fraud, must be understood a wilful and corrupt purpose, and intention to deceive and injure. Fraud, in that degree, can seldom be proved ; and if relief were confined to such cases, it would be too limited for any practical good. The law enjoins candor and sincerity in dealing. In giving practical effect to this injunction, the common law, as all human law, must be imperfect, for the sphere of morality is more extensive than the limits of civil jurisdiction. But to every extent, compatible with the interests and convenience of society, it enforces the duty of good faith. The law arrests not only bare-faced fraud, pursuing its object without disguise, but detects its agency in the effect, though the transaction wears an honest aspect. When wrong and injustice would be the result, without curious enquiry into the motives or direct imputation of an evil purpose, the transaction is treated as if it were fraudulent. The mischief is prevented or repaired without enquiring whether it was designed.
The Court thus confirms the instruction of the Circuit *373 Judge, in his statement of the law, which should ‘guide the jury in rendering their verdict. But it is equally divided on the question, whether the evidence is sufficient to sustain the verdict. In this state of the case, it has been decided to order a new trial.
The motion is granted.
Richardson, J. — Evans, J. — and O’Neall, J. concurred.

Motion granted.